## Case No. 10,291.

In re NOOMAN et al.

[3 N. B. R. 267 (Quarto, 63).] [1]

District Court, D. Massachusetts. 1869.

BANKRUPTCY—OBJECTION TO DISCHARGE BY CREDITORS—MUTILATED ACCOUNTS.

1. Creditors objecting to discharge of bankrupt must prove their allegations.

2. The mutilation of a book of accounts by bankrupt may be explained.

[In the matter of Nooman & Connolly, bankrupts.]

J. G. Abbott and B. Dean, for creditors.
J. D. Ball, for bankrupts.

LOWELL, District Judge. The specifications in opposition to the discharge of these bankrupt partners, involve only questions of fact. The allegations are that they have concealed a part of their assets, and have concealed and mutilated one of their books of account. The burden of proof is on the objecting creditors, and I am not satisfied that they have sustained it. The books appear to show a profit in the business, and if it was profitable and the stock is worth its cost, the assets ought to be much larger than they are; but it may be that the goods depreciated during the eight months between the last account of stock and the bankruptcy; the bankrupts swear that they did depreciate, and there is no evidence to the contrary. It was argued, with a good deal of plausibility, that very few persons could be made out to be bankrupts by the mere inspection of the books.

The evidence shows a mutilation of one of the books, but it seems that all the outstanding accounts which it contained were transferred to another book, and there is no evidence that any fraud was done to the creditors by the change, but on the contrary there is proof tending to show that the accounts were all collected as far as collectible. There was evidence that the bankrupts, whose business was to manufacture clothing for sale, ready made, changed their mode of doing business not long before the bankruptcy, by taking their cloth on consignment, as they called it, which I understand to be that they agreed with the wholesale houses that the property in the goods should not pass until they were paid for. They would have then an equitable title in the goods to the extent of the payments, and this title they should have disclosed to their assignee, and if it were shown that they

---

1 [Reprinted by permission.]

had willfully failed to do this it might bar their discharge. But I do not understand that any such allegation is made or proved. It was said at the hearing, and there is nothing in the case to refute the assertion, that although these goods do not appear on the schedules, yet that the assignee was informed of the facts concerning them, and made such disposition as was proper of the bankrupts' interest in this part of their property. Discharge granted.